IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

HENRY LEE JONES            )
                           )
     v.                    )     NO: 3:19-00795
                           )
TONY MAYS, et al.          )

**TO:  Honorable Aleta A. Trauger, District Judge**

# R E P O R T   A N D   R E C O M M E N D A T I O N

This *pro se* and *in forma pauperis* prisoner civil rights action has been referred to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72 of the Federal Rules of Civil Procedure, and the Local Rules of Court. *See* Order entered August 31, 2020 (Docket Entry No. 28).

Pending before the Court is Plaintiff's motion (Docket Entry No. 37) for a preliminary injunction and temporary restraining order. For the reasons set out below, the undersigned respectfully recommends that the motion be denied.

## I. BACKGROUND

Henry Lee Jones ("Plaintiff') is an inmate of the Tennessee Department of Correction ("TDOC") currently confined on death row at the Riverbend Maximum Security Institution ("RMSI") in Nashville, Tennessee. He filed this lawsuit *pro se* and *in forma pauperis* on September 10, 2019, seeking relief under 42 U.S.C. § 1983 for violations of his constitutional rights alleged to have been committed at the RMSI over a period of several years. Upon initial

review of Plaintiff's pleadings and other related filings pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court dismissed several of Plaintiff's claims but found that he asserted (1) a colorable Eighth Amendment failure to protect claim against RMSI employees D.A. Castillo ("Castillo") and Terry Foster ("Foster") based on allegations that they permitted or encouraged RMSI inmates to tamper with Plaintiff's meals and place harmful substances in his meals and (2) a colorable First Amendment retaliation claim against Castillo, Foster, and RMSI employees Warren Tate ("Tate") and Michael Keys ("Keys") based on allegations that they retaliated against Plaintiff because of his filing of prison grievances by placing him in segregation and allowing the tampering of his meals to occur. *See* Memorandum (Docket Entry No. 27) at 6-28.

Defendants have filed a joint answer (Docket Entry No. 56), and a scheduling order (Docket Entry No. 57) has been entered, setting out deadlines for pretrial proceedings in the case. Other than the motion at issue, there are no other pending motions in the case.

Plaintiff's motion was filed on October 23, 2020, shortly after the Court's initial review of his case was completed and prior to any of the defendants being served with process. In his motion, Plaintiff complains about events at the RMSI and about the actions of RMSI inmates and prison staff, including Defendants Castillo and Foster. Plaintiff asserts that his legal mail has been tampered with by prison officials, that prison staff and inmates have entered his cell and damaged his personal property, that his meals continue to be tampered with by other inmates, and that he has been continually denied due process regarding his placement in segregation. *See* Docket Entry No. 37. He requests an order directing prison officials to cease the activity about which he complains and/or to undertake specific actions regarding his confinement, including requiring certification of legal mail delivery, protecting his personal property,

2

providing him with safe meals, and releasing him from segregation. He also requests that the Court direct that a "federal investigation" be conducted into wrongdoing at the RMSI

## II. ANALYSIS

Plaintiff's motion for pre-judgment injunctive relief should be denied. Federal Rule of Civil Procedure 65 governs injunctions and temporary restraining orders. Although Plaintiff's motion includes a request for a temporary restraining order, he clearly does not satisfy the requirements of Rule 65(b) or Local Rule 65.01 for the issuance of a temporary restraining order without notice to the adverse party.

Pre-trial injunctive relief is considered a preventive, prohibitory, or protective measure taken pending resolution on the merits, *see Clemons v. Board of Educ.*, 228 F.2d 853, 856 (6th Cir. 1956), and is extraordinary relief. *Detroit Newspaper Publishers Ass'n v. Detroit Typographical Union No. 18, Int'l Typographical Union*, 471 F.2d 872, 876 (6th Cir. 1972). Plaintiff, as the moving party, has the burden of proving that the circumstances "clearly demand" such injunctive relief. *Overstreet v. Lexington−Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. *Winter v. Nat'l Resources Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Plaintiff's motion for preliminary injunctive relief should be denied because Plaintiff has not met his burden for the type of relief that he seeks. Initially, the motion is unsupported by an affidavit or any other type of evidence. Additionally, much of the relief requested by Plaintiff is directed at individuals who are not parties to this action. Injunctive relief generally cannot be

3

Case 3:19-cv-00795 Document 59 Filed 04/19/21 Page 3 of 5 PageID #: 410

directed at individuals who are not defendants in a case. *See In re N.A.A.C.P.*, 849 F.2d 1473 (Table), 1988 WL 61504 at *3 (6th Cir. June 13, 1988) (noting that a court's decree is generally only binding on parties).

Plaintiff's initial burden in demonstrating entitlement to preliminary injunctive relief is a showing of a strong or substantial likelihood of success on the merits of his action. *NAACP v. City of Mansfield,* 866 F.2d 162, 167 (6th Cir. 1989). Plaintiff has not met this burden. At this early point in the litigation, his likelihood of success on his claims is no greater than that of Defendants. Further, many of the events and issues raised in his motion concern claims which were dismissed by the Court upon initial review and are no longer a part of this case. Given that many of the events about which he complains in his motion are unrelated to his surviving claims, he has not shown that he will suffer irreparable harm if the injunctive relief requested is not granted. The balancing of harms required by the third factor also does not weigh in favor of the requested relief, and Plaintiff has not persuasively demonstrated that a public interest would be advanced by the requested relief as is required for the fourth factor. *National Hockey League Players Ass'n v. Plymouth Whalers Hockey Club*, 372 F.3d 712, 720 n.4 (6th Cir. 2003). Further still, absent extraordinary and urgently compelling reasons, the Court will not intervene in matters such as the day-to-day operations in a correctional facility. *See Kendrick v. Bland*, 740 F.2d 432, 438, n. 3 (6th Cir. 1984). Such reasons have not been shown by Plaintiff.

# R E C O M M E N D A T I O N

For the reasons stated, the it is respectfully RECOMMENDED that Plaintiff's motion (Docket Entry No. 37) for a preliminary injunction and temporary restraining order be DENIED.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

    Respectfully submitted,

    _____
    BARBARA D. HOLMES
    United States Magistrate Judge