IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| HENRY LEE JONES | ) | |
| | ) | |
| v. | ) | NO: 3:19-00795 |
| | ) | |
| TONY MAYS, et al. | ) | |

TO:    **Honorable Aleta A. Trauger, United States District Judge**

### R E P O R T   A N D   R E C O M E N D A T I O N

This *pro se* and *in forma pauperis* prisoner civil rights action has been referred to the

Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72 of the

Federal Rules of Civil Procedure, and the Local Rules of Court.    *See* Order entered August 31,

2020 (Docket Entry No. 28).

Pending before the Court is the motion for summary judgment (Docket Entry No. 79) filed

by Defendants Domingo Castillo, Terry Foster, Michael Keys and Warren Tate, to which Plaintiff

has responded in opposition.    Also before the Court is Plaintiff's motion for a preliminary

injunction and temporary restraining order (Docket Entry No. 74), which is opposed by

Defendants.    For the reasons set out below, the undersigned respectfully recommends that

Defendants' motion for summary judgment be granted, this case be dismissed, and that Plaintiff's

motion for preliminary injunctive relief be denied.

### I. PROCEDURAL BACKGROUND

Henry Lee Jones ("Plaintiff') is an inmate of the Tennessee Department of Correction

("TDOC") currently confined on death row at the Riverbend Maximum Security Institution

("RMSI") in Nashville, Tennessee.    He filed this lawsuit *pro se* and *in forma pauperis* on

September 10, 2019, seeking relief under 42 U.S.C. § 1983 for violations of his constitutional rights alleged to have been committed at the RMSI over a period of several years by numerous individuals.

Upon initial review of Plaintiff's pleadings and other related filings pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court dismissed many of Plaintiff's claims but found that he asserted (1) a colorable Eighth Amendment failure to protect claim against RMSI correctional officers Domingo Castillo ("Castillo") and Terry Foster ("Foster") and (2) a colorable First Amendment retaliation claim against Castillo, Foster, and RMSI correctional counselor Warren Tate ("Tate") and unit manager Michael Keys ("Keys). *See* Memorandum (Docket Entry No. 27) at 6-27.[1] Defendants filed a joint answer (Docket Entry No. 56), and scheduling orders (Docket Entry Nos. 57, 63, 66, and 73) were entered that set out deadlines for pretrial proceedings in the case, including a period for discovery.

## II. PLAINTIFF'S CLAIMS

The claims at issue are based upon allegations by Plaintiff that he has been harassed and retaliated against by prison staff at the RMSI, as well as by other inmates, primarily because of his refusal to participate in homosexual activity. He alleges that several inmates who are assigned to food service duty and who prepare meals for death row inmates have repeatedly "sabotaged" his meals by including burnt food, small portions, "the end piece of [a] slice [of] bread," overcooked pancakes, watered down mashed potatoes or grits, medications mixed into food, and

---

[1] The dismissed claims included claims clearly barred by the statute of limitations, official capacity claims, claims for the loss or destruction of Plaintiff's personal property, claims based on failure to prevent sexual assaults against Plaintiff by other inmates, a due process claim based upon Plaintiff's placement in administrative segregation, claims based upon sexually harassing behavior by prison staff, and claims brought against other inmates. *See* Memorandum at 6-27.

food poisoned with toxic chemicals or otherwise contaminated. *See* Amended Complaint (Docket Entry No. 15) at 12. As specific examples, he alleges that he found medication in his chili on January 14, 2020, received burned potatoes on June 8, 2020, and received oatmeal that contained "three small pieces of glass" on either April 9, 2020, or May 9, 2020.[2] *Id*. at 13 and 15; and Docket Entry No. 15-1 at 31. Plaintiff alleges that Defendants Foster and Castillo permitted, and Defendant Castillo also encouraged, the inmates to tamper with his meals and that his grievances regarding the matter failed to rectify the issue. *Id*. Plaintiff further alleges that he was retaliated against because he filed prison grievances about the sexual harassment and because of a grievance that he filed against Foster about stolen and damaged property. He alleges that he was placed in segregation as a form of retaliation, *id*. at 10 and 13, and that Defendants Foster and Castillo further retaliated against him when they permitted or encouraged inmates to tamper with his meals. *Id*. at 12-15.

### III. MOTION FOR SUMMARY JUDGMENT AND RESPONSE

Defendants seek summary judgment in their favor under Rule 56 of the Federal Rules of Civil Procedure. They support their motion with: (1) a memorandum of law (Docket Entry No. 79-1); (2) a statement of undisputed material facts (Docket Entry No. 79-2); (3) the declaration of TDOC Policy Development Director Cindy Bell and documents attached thereto (Docket Entry No. 79-3); (4) the declaration of RMSI Institutional Compliance Manager Brandi McClure and documents attached thereto (Docket Entry No. 79-7); (5) the declaration of Defendant Castillo (Docket Entry No. 79-4); (6) the declaration of Defendant Foster (Docket Entry No. 79-5); (7) the

---

[2] Plaintiff alleges in his amended complaint that incident occurred on May 9, 2020, but attached a grievance to the pleading asserting that it occurred on April 9, 2020.

declaration of Defendant Keys and documents attached thereto (Docket Entry No. 79-6); (8) the declaration of Defendant Tate (Docket Entry No. 79-8); and, (9) excerpts from Plaintiff's deposition transcript (Docket Entry No. 79-9).

Defendants raise two arguments for summary judgment. First, they contend that Plaintiff's claims are not supported by evidence that shows unconstitutional conduct on the part of Defendants. *See* Memorandum of Law at 5-15. Defendants Foster and Castillo contend that Plaintiff has no evidence showing that they had a role in tampering with Plaintiff's meals in any manner, whether directly or by instructing the inmates who work in food service to tamper with the meals, and that they have been sued merely because they were the respective unit manager and shift officer on duty at the time Plaintiff received the meals in question. Similarly, Defendants assert that Plaintiff has no evidence showing that any action was taken against him in retaliation for filing grievances or otherwise engaging in First Amendment activities. Defendants' second argument for dismissal of Plaintiff's claims is that he did not exhaust his available administrative remedies prior to filing his lawsuit as required by the Prison Litigation Reform Act of 1996 ("PLRA"), 42 U.S.C. § 1997e. *Id*. at 15-17. Specifically, they contend that Plaintiff did not file a grievance about being retaliated against because of resisting homosexual advances and only filed a grievance about receiving a contaminated meal on January 14, 2020. *Id*.

Because Plaintiff's original response (Docket Entry No. 81) to the motion for summary judgment appeared to be incomplete and because he complained in other contemporaneous filings about problems with sending mail from the RMSI, the Court granted him additional time to file a second response. *See* Order entered April 8, 2022 (Docket Entry No. 88). Plaintiff thereafter made a series of filings in response to the motion for summary judgment. *See* Docket Entry

4

Nos. 89, 90, 94, 96, 97, and 100.[3]  In these filings, Plaintiff addresses the claims at issue, addresses

claims that have been dismissed, and raises facts about events that have recently occurred.[4]

Attached to some of Plaintiff's filings are copies of prison documents, s*ee* Docket Entry No. 89 at

11-42; Docket Entry No. 94 at 9-12; Docket Entry No. 96 at 9-13; and Docket Entry No. 100 at 5-

25, and he also presents a list of the names of witnesses he would like to testify.  *See* Docket

Entry No. 89 at 8-9 and 12.[5]  Plaintiff does not include in his filings a specific response to

Defendants' statement of undisputed material facts.

## IV. MOTION FOR PRELIMINARY INJUNCTION AND RESPONSE

By his motion, Plaintiff seeks an order from the Court requiring that he be released from

confinement in administrative segregation in the death row unit at the RMSI.  *See* Docket Entry

No. 74.  Plaintiff contends that he was unfairly placed in administrative segregation in April 2019

and that he has been wrongly housed in administrative segregation for 32 months without any form

of due process and for a much longer period than other death row inmates who committed

disciplinary offenses.  *Id*.  In response, Defendants assert that Plaintiff has not set forth evidence

showing that he meets the requirements necessary for preliminary injunctive relief.  *See* Response

(Docket Entry No. 78).

---

[3] Several of Plaintiff's filings are the same.  For example, Docket Entry Nos. 94 and 97 consist primarily of a photocopy of what he filed previously at Docket Entry No. 89. Additionally, Plaintiff's most recent filing (Docket Entry No. 100) is dated March 2, 2022, even though it was not filed until May 25, 2022.

[4] For example, much of Plaintiff's response is devoted to arguments about his continued placement in administrative segregation, a claim that was dismissed upon initial review, and to events that have occurred subsequent to the filing of his amended pleading and that are not a part of this lawsuit.

[5] Plaintiff has submitted the same witness list in a subsequent filing.  *See* Docket Entry No. 96 at 5-8.

5

## V. STANDARD OF REVIEW

A motion for summary judgment is reviewed under the standard that summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In reviewing a motion for summary judgment, the Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587 (1986).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. *Anderson*, at 249-50. "Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." *Goins v. Clorox Co.*, 926 F.2d 559, 561 (6th Cir. 1991). The party opposing the motion for summary judgment may not rely solely on the pleadings but must present evidence supporting the claims asserted by the party. *Banks v. Wolfe Cnty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003). Moreover, conclusory allegations, speculation, and unsubstantiated assertions are not evidence, and are not sufficient to defeat a well-supported motion for summary judgment. *See Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888 (1990). In other words, to defeat summary judgment, the party opposing the motion must present affirmative evidence to support his or her position; a mere "scintilla of evidence" is

6

insufficient.  *Bell v. Ohio State Univ.*, 351 F.3d 240, 247 (6th Cir. 2003) (*quoting Anderson*, 477 U.S. at 252).

## VI. ANALYSIS

A. Motion for Summary Judgment

After review of the parties' filings on the motion for summary judgment and of the entire record in this case, the Court finds that the motion should be granted as to all claims.  Based on the evidence before the Court, no reasonable jury could find that Defendants violated Plaintiff's constitutional rights as claimed.

Although the allegations set out in Plaintiff's pleadings were sufficient to raise two arguable claims, the standard of whether an *in forma pauperis* case should proceed past the point of frivolity review is much lower than the standard of whether a case should proceed to trial in the face of a motion for summary judgment.  When a motion for summary judgment is properly supported under Rule 56, such as Defendants' motion, the non-moving party cannot rely upon the mere allegations of the pleadings but must respond with affirmative evidence supporting the claims at issue and establishing the existence of a genuine issue of material fact that requires that the case proceed to trial.  *See Celotex Corp.*, 477 U.S. at 323-24; *Banks v. Wolfe Cnty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003); *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002). As such, Plaintiff must present affirmative and probative evidence in support of his two claims showing that there is a sufficient evidentiary basis for a reasonable trier of fact to find in his favor. *See Bell v. Ohio State Univ.*, 351 F.3d 240, 247 (6th Cir. 2003).  Plaintiff has not done so in this case.

7

As a general matter, Plaintiff's response in opposition to the motion for summary judgement, with the exception of the copies of documents that are attached to his filings, is unsupported by actual evidence. Although Plaintiff has submitted a list of potential witnesses, he has not provided affidavits or sworn declarations from any of these witnesses that provide evidence supporting his claims. Similarly, although he makes numerous factual allegations in his responsive filings, he fails to provide his own affidavit or sworn declaration in support of these allegations. Unsworn statements of fact cannot be considered as evidence rebutting a motion for summary judgment. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158 n.17 (1970); *Harris v. J.B. Robinson Jewelers*, 627 F.3d 235, 239 n.1 (6th Cir. 2010); *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 968-69 (6th Cir. 1991). Additionally, Plaintiff has not responded to Defendants' statement of undisputed facts as required by Local Rule 56.01(f). Local Rule 56.01(f) provides that Plaintiff's failure to respond to Defendants' statement of undisputed facts shall deem the asserted facts to be undisputed for the purposes of summary judgment. Accordingly, the Court is permitted to rely upon the facts set forth by Defendants in their statement as the undisputed facts. These shortcomings in Plaintiff's response cannot be disregarded simply because he is a prisoner who is proceeding *pro se*.

More specifically, with respect to Plaintiff's Eighth Amendment failure to protect claim against Defendants Foster and Castillo, the undisputed evidence shows that neither Defendant had any role in the actual preparation of meal trays and that their only involvement with inmate meals was that Castillo was the unit manager at the time meals were delivered and Foster passed out the already prepared meal trays to inmates who were confined in their cells. *See* Defendants' Statement of Undisputed Material Facts at ¶¶ 14-18; Plaintiff's deposition at 49-51. There is no

8

evidence before the Court supporting Plaintiff's allegation that either Defendant knew that Plaintiff's meal trays were being tampered with before they were given to Plaintiff, encouraged the inmates involved in food preparation to tamper with Plaintiff's meal trays, or otherwise took any action to permit inmates to provide Plaintiff with food trays that were contaminated or dangerous. Any contention by Plaintiff that Defendant Foster or Castillo were the reason for the contaminated meal trays he alleges he received is based upon pure speculation and conjecture on his part and not upon any actual evidence that is in the record before the Court. Conclusory and speculative allegations are not sufficient to raise genuine issues of material fact. *See Bell*, 351 F.3d at 253 ("[M]ere conclusory and unsupported allegations, rooted in speculation, do not meet [the plaintiff's burden [at the summary judgment stage]." (quotations and citation omitted)).

Further, although Plaintiff has alleged a few isolated instances when he received meals that were allegedly contaminated in a manner that arguably falls within the scope of posing a serious or excessive risk to his safety,[6] he fails to present any evidence showing a systemic problem with meal safety about which Defendants were aware but to which they acted with deliberate indifference. Finally, Plaintiff has presented no evidence that shows that either Defendant, as a unit manger or correctional officer, had a duty or responsibility with respect to correcting or rectifying inmate meal problems. In the end, there is simply a lack of evidence upon which a

---

[6] As noted by the Court in the initial screening of Plaintiff's complaint, his allegations of receiving a meal containing pieces of glass and a meal containing what he concludes was a toxic medicine were sufficient to show conditions posing a substantial risk of serious harm. *See* Docket Entry No. 27 at 16. Plaintiff's allegations of a meal tray containing food that is poorly cooked, burnt, cold, unappetizing, or otherwise of a low quality, however, do not meet the substantial risk of serious harm standard. **Error! Main Document Only.**Matters relating to the quality of food served in prisons are generally far removed from constitutional concerns. *See Cunningham v. Jones*, 567 F.2d 653, 660 (6th Cir. 1977).

reasonable jury could find that Defendants Foster and Castillo acted with deliberate indifference to a serious risk of harm to Plaintiff's health and safety that occurred because of his prison meals. This standard of subjective culpability requires more than mere negligence or inattentiveness on the part of a defendant.    *Farmer v. Brennan*, 511 U.S. 825, 834-35 (1994).

With respect to Plaintiff's First Amendment retaliation claim, there is a similar lack of evidence in the record to support this claim.    To succeed on a retaliation claim, Plaintiff must show "that (1) he engaged in protected conduct, (2) the defendant took an adverse action that is capable of deterring a person of 'ordinary firmness from continuing to engage in that conduct,' and (3) 'the adverse action was motivated at least in part by the [prisoner's] protected conduct.'" *Hill v. Lappin*, 630 F.3d 468, 472 (*quoting Thaddeus-X v. Blatter*, 175 F.3d 378, 394, 398 (6th Cir. 1999) (en banc)); *Strader v. Cumberland Cty.*, 2020 WL 291383, at \*10 (M.D. Tenn. Jan. 21, 2020).

Even if the Court assumes that Plaintiff's undisputed history of grievance filing satisfies the first showing required for a retaliation claim, his retaliation claim fails in two significant ways, First, as the Court has noted *supra* in addressing the failure to protect claim brought against Defendants Foster and Castillo, Plaintiff has offered no evidence showing that the contaminated meals resulted from direct action or encouragement on the part of Defendants.    Second, there is no evidence showing, or even remotely inferring, that the two actions on which the retaliation claim is based, that is, Plaintiff's alleged receipt of contaminated meals and his placement in administrative segregation, were motivated by a desire on the part of Defendants to retaliate against him because of his protected activity of filing prison grievances.    Plaintiff's assertion of a retaliatory motive appears to be based upon his belief that Defendants disliked him and were

10

harassing towards him. However, ! some evidence of retaliatory motive is required, and "conclusory allegations of retaliatory motive unsupported by material facts will not be sufficient to state a ... claim." *Harbin–Bey v. Rutter,* 420 F.3d 571, 580 (6th Cir. 2005) (citation and internal quotation marks omitted). In the instant case, there is no evidence in the record upon which a reasonable jury could find that any action was taken against Plaintiff in retaliation for exercising his First Amendment rights.

Plaintiff further alleges that he was also harassed for refusing homosexual advances. To the extent that this allegation falls within the scope of a First Amendment retaliation claim, it is likewise unsupported by any evidence that is in the record before the Court. There is no evidence of any incident in which a Defendant attempted to engage in homosexual conduct with Plaintiff and no evidence of any retaliatory motive on the part of a Defendant based upon Plaintiff's refusal to engage in homosexual conduct with a Defendant.[7]

Because the Court finds that Plaintiff's claims warrant dismissal on their merits because of a lack of supporting evidence, it is unnecessary to address Defendants' alternative argument that dismissal is warranted under the PLRA for failure to exhaust.

B. Motion for a Preliminary Injunction

Plaintiff's motion should be denied. Pretrial injunctive relief is considered a preventive, prohibitory, or protective measure taken pending resolution on the merits, *see Clemons v. Board of Educ.*, 228 F.2d 853, 856 (6th Cir. 1956), and is extraordinary relief. *Detroit Newspaper*

---

[7] Plaintiff's allegations that he was sexually harassed by offensive remarks and rumors concerning his sexual orientation made by Defendants and through invasions of privacy while in his cell were found to be insufficient to state an arguable constitutional claim. *See* Docket Entry No. 27 at 21-24.

*Publishers Ass'n v. Detroit Typographical Union No. 18, Int'l Typographical Union*, 471 F.2d 872, 876 (6th Cir. 1972). Plaintiff, as the moving party, has the burden of proving that the circumstances "clearly demand" such injunctive relief. *Overstreet v. Lexington‒Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. *Winter v. Nat'l Resources Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Given the Court's finding that summary judgment should be granted to Defendants, Plaintiff cannot make a showing of success on the merits, which is a necessary component of being granted preliminary injunctive relief. Furthermore, there is no showing that the relief requested by Plaintiff, specifically, his release from administrative segregation, is within the realm of authority of the Defendants. Injunctive relief generally cannot be directed at individuals who are not defendants in a case. *See In re N.A.A.C.P.*, 849 F.2d 1473 (Table), 1988 WL 61504 at *3 (6th Cir. June 13, 1988) (noting that a court's decree is generally only binding on parties). Finally, the record in this case indicates that Plaintiff has, in fact, received due process reviews of his placement in administrative segregation. *See* Docket Entry No. 30 at 19-24; Docket Entry No. 74 at 6-8; and Docket Entry No. 94 at 9.

## R E C O M E N D A T I O N

For the reasons stated, it is respectfully RECOMMENDED that:

(1) the motion for summary judgment (Docket Entry No. 79) filed by Defendants Domingo Castillo, Terry Foster, Michael Keys and Warren Tate be GRANTED;

12

(2) Plaintiff's motion for a preliminary injunction and temporary restraining order (Docket Entry No. 74) be DENIED; and,

(3) this action be DISMISSED WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge

13