IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| HENRY LEE JONES, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:19-cv-00795 |
| | ) Judge Aleta A. Trauger |
| TONY MAYS et al., | ) |
| Defendants. | ) |

**MEMORANDUM**

Before the court are *pro se* plaintiff Henry Lee Jones's "Appeal" (Doc. No. 103) and a document styled "The Plaintiff Responding to Defendants Motion Reply Dated May 12, 2022" (Doc. No. 104), which the court construes collectively as the plaintiff's objections to Magistrate Judge Barbara Holmes's Report and Recommendation ("R&R") (Doc. No. 102). The R&R recommends that the Motion for Summary Judgment (Doc. No. 79) filed by defendants Domingo Castillo, Terry Foster, Michael Keys, and Warren Tate be granted in its entirety, that the plaintiff's Emergency Injunction Motion/Petition ("preliminary injunction motion") (Doc. No. 74) be granted, and that this case be dismissed in its entirety. Also pending is the plaintiff's Renewed *Pro Se* Motion for Appointment of Counsel. (Doc. No. 106.)

For the reasons set forth herein, the court will overrule the objections, grant the Motion for Summary Judgment, and dismiss this case. Because the case will be dismissed, the preliminary injunction motion and Motion for Appointment of Counsel will be denied as moot.

**I.    PROCEDURAL BACKGROUND**

The plaintiff is an inmate of the Tennessee Department of Correction ("TDOC") currently confined on death row at the Riverbend Maximum Security Institution ("RMSI") in Nashville,

Tennessee. The Amended Complaint, filed *pro se* and *in forma pauperis*, alleges violations of the plaintiff's constitutional rights over a period of several years and asserts claims under 42 U.S.C. § 1983 against numerous RMSI and TDOC officials, as well as other inmates. (Doc. No. 15.) The court conducted an initial review of the Amended Complaint under the Prison Litigation Reform Act ("PLRA") and dismissed many of the claims against many of the defendants but allowed two claims to proceed.[1] The court found that the Amended Complaint stated a colorable failure-to-protect claim under the Eighth Amendment against RMSI corrections officers Domingo Castillo and Terry Foster, based on their alleged failure to protect the plaintiff from receiving tainted food, and a colorable First Amendment retaliation claim against Castillo, Foster, RMSI correctional counselor Warren Tate, and RMSI unit manager Michael Keys, premised upon their placing the plaintiff in solitary confinement and allowing other inmates to tamper with his food in retaliation for the plaintiff's filing prison grievances. (*See* Doc. No. 27.) In the accompanying Order (Doc. No. 28), the court referred the matter to the Magistrate Judge to enter a scheduling order for the management of the case, dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and conduct further proceedings, if necessary, under Rule 72 of the Federal Rules of Civil Procedure and the Local Rules of Court. (Doc. No. 28, at 4.)

The magistrate judge entered a Scheduling Order (Doc. No. 57), setting deadlines for discovery and the filing of dispositive motions, among other things. On December 10, 2021, the plaintiff filed his preliminary injunction motion (Doc. No. 74), to which the remaining defendants

---

[1] In particular, the court notes that the plaintiff's due process claim related to his confinement in segregation without a disciplinary hearing was dismissed without prejudice. (Doc. No. 28, at 19.) Rather than seeking to amend his pleading in this case to provide additional factual support for this claim, the plaintiff has filed a separate lawsuit reasserting this claim. *Jones v. Mays*, No. 3:21-cv-0666 (M.D. Tenn.). Following several amendments to the pleading in that case, the court is entering an initial review Order in that case allowing the plaintiff to pursue his due process claim.

filed a Response in opposition (Doc. No. 78). Shortly thereafter, on January 21, 2022, the defendants filed their Motion for Summary Judgment (Doc. No. 79), supporting Memorandum of Law (Doc. No. 79-1), Statement of Undisputed Material Facts (Doc. No. 79-2), and numerous Declarations, as well as excerpts from the plaintiff's deposition (Doc. Nos. 79-3 through 79-9). The plaintiff filed numerous documents in response (Doc. Nos. 81–87, 89, 90, 94, 96–100), none of which constitutes a proper response to the Motion for Summary Judgment or a response to the Statement of Undisputed Material Facts. The plaintiff has not provided any evidentiary support for his claims.

Based on the undisputed facts presented by the defendants and supported by the evidentiary record, the Magistrate Judge recommends granting summary judgment on the plaintiff's Eighth Amendment failure-to-protect claim on the basis that the undisputed evidence shows that neither Foster nor Castillo had any role in the actual preparation of the plaintiff's meal trays, knew about the alleged tampering of his food by other inmates, encouraged it, or otherwise took any action to permit inmates to provide the plaintiff with food trays that were contaminated or dangerous. The Magistrate Judge also found that the plaintiff fails to show the existence of a systemic problem with meal safety of which the defendants were aware but to which they responded with deliberate indifference or that they had any responsibility for correcting or rectifying inmate meal problems. (Doc. No. 102, at 8–9.) The Magistrate Judge concluded: "In the end, there is simply a lack of evidence upon which a reasonable jury could find that Defendants Foster and Castillo acted with deliberate indifference to a serious risk to Plaintiff's health and safety that occurred because of his prison meals." (*Id.* at 9–10.) The Magistrate Judge found a similar lack of evidence to support the plaintiff's First Amendment retaliation claim and that the defendants should be granted summary judgment on that claim as well. (*Id.* at 10–11.) Having found that the claims are subject to dismissal

on the merits, the Magistrate Judge did not address the defendants' alternative argument that dismissal is warranted under the PLRA for failure to exhaust administrative remedies. (*Id.* at 11.)

Regarding the preliminary injunction motion, the Magistrate Judge found that, because one of the elements required to establish entitlement to a preliminary injunction is a substantial likelihood of success on the merits, and because the Magistrate Judge had already concluded that the defendants are entitled to summary judgment, the defendant could not show that he is entitled to injunctive relief. In addition, the Magistrate Judge noted that the plaintiff failed to show that the relief he requested—release from administrative segregation—is within the realm of authority of any of the defendants and that, in any event, the record indicates that the plaintiff received due process reviews of his placement in administrative segregation. (*Id.* at 12.)

The R&R notified the parties that they had fourteen days to file written objections to the R&R and that such objections must "state with particularity the specific portions of [the R&R] to which objection is made." (*Id.* at 13.) The construed objections are timely, but they are addressed solely to the plaintiff's exhaustion of administrative remedies and purported violations of his right to due process in connection with his placement and continued detention in administrative segregation following his altercation with another inmate in April 2019.[2] The objections do not address the claims the plaintiff has been permitted to pursue in this particular lawsuit, nor the findings of fact and conclusions of law set forth in the R&R. The plaintiff submitted with his objections the Affidavit of Autumn Cox (Doc. No. 103, at 4–6), a paralegal employed by the Office of the Post-Conviction Defender, but this Affidavit does not provide factual support for the

---

[2] As set forth above, the due process claim asserted in the Amended Complaint in this case was dismissed without prejudice. There is no due process claim pending in this lawsuit.

plaintiff's pending claims.[3]

The defendants responded to the plaintiff's objections, pointing out that the plaintiff has not presented any evidence in support of the actual claims pending in this lawsuit and that his objections primarily consist of complaints that he was denied due process by being kept in administrative segregation following an altercation with another inmate, even though there is no due process claim before the court.

## II.     STANDARD OF REVIEW

Within fourteen days after being served with a report and recommendation any "party may serve and file *specific* written objections to [a magistrate judge's] proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2) (emphasis added). The district court must review *de novo* any portion of the report and recommendation "that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). In conducting its review, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

The district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *Id.* at 151. Moreover, "[t]he filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) (*see also Langley*

---

[3] The Affidavit is not based on the affiant's personal knowledge but, instead, on statements the plaintiff made to her. (*See* Cox Aff. ¶ 3.)

*v. DaimlerChrysler Corp.*, 502 F.3d 475, 483 (6th Cir. 2007) (issues raised in a "perfunctory manner, unaccompanied by some effort at developed argumentation," are waived (quoting *Indeck Energy Servs., Inc. v. Consumers Energy Co.*, 250 F.3d 972, 979 (6th Cir. 2000))). Likewise, "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Finally, arguments made in an objection to a magistrate judge's report and recommendation that were not first presented to the magistrate judge for consideration are deemed waived. *Becker v. Clermont Cty. Prosecutor*, 450 F. App'x 438, 439 (6th Cir. 2011); *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

### III. ANALYSIS

Although *pro se* pleadings and filings are held to less stringent standards than those drafted by lawyers, *see, e.g.*, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), *pro se* litigants are not entirely exempt from the requirements of the Federal Rules of Civil Procedure. *See, e.g.*, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The plaintiff's failure to respond substantively to the arguments made in the Motion for Summary Judgment and his failure to lodge clear, specific objections to the R&R are not absolved by his *pro se* status or his lack of education.

The objections in this case are not sufficiently specific to warrant *de novo* review. *Langley*, 502 F.3d at 483; *Cole*, 7 F. App'x at 356; *Howard*, 932 F.2d at 509. The court has nonetheless reviewed the entire record *de novo*, including the excerpts from the plaintiff's deposition transcript and the Declarations submitted by the defendants. Based on the totality of the available evidence, the court agrees with the magistrate judge's findings and conclusions in their entirety. The court finds that the plaintiff has failed to meet his burden of presenting sufficient evidence to establish that the defendants are responsible for the alleged food tampering or that they retaliated against him for filing prison grievances.

Because the defendants are entitled to summary judgment, the plaintiff's preliminary injunction motion and Renewed Motion for the Appointment of Counsel must be denied as moot.

## IV. CONCLUSION

The plaintiff's construed objections to the recommendation that the defendant's Motion for Summary Judgment be granted will be overruled. The court will adopt the R&R's findings and conclusions in their entirety, grant the Motion for Summary Judgement, dismiss this case, and deny the remaining motions. An appropriate Order is filed herewith.

ALETA A. TRAUGER
United States District Judge